IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Gary Nelson, | ) | Case No. 0:24-cv-07169-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nurse David and/or Wellpath or | ) | |
| Wellcare Health Services (Entity) et al., | ) | |
| Ms. Davis, Charleston Co. Detention | ) | |
| Center, Wellpath/Wellcare, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's amended complaint alleging violations of his civil rights. ECF No. 13. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On February 13, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed without prejudice and without issuance and service of process. ECF No. 15. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff has not filed objections to the Report and the time to do so has lapsed.[1]

---

[1] The Court notes that the Report was returned as undeliverable. ECF No. 19. Plaintiff was specifically warned that it is his responsibility to keep the Court informed of his current address. ECF No. 7 at 3.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's recommendation. This action is **DISMISSED** without prejudice, without further leave to amend, and without issuance and service of process.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 15, 2025
Spartanburg, South Carolina